```
____ FILED      ____ ENTERED
____ LODGED     ____ RECEIVED

      MAR 13 2017
         AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
  BY                    DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff

    v.

CHRIS YOUNG YOO,

    Defendant.

NO. **CR17-075 TSZ**

**INFORMATION**
(Felony)

The United States Attorney charges that:

## COUNT ONE
### Wire Fraud

At all times relevant to this Information:

**A.   Background**

1.  CHRIS YOUNG YOO was a Bellevue, Washington-based investment advisor and a resident of Bellevue and Medina, Washington. YOO was the majority owner and the Chief Executive Officer of Summit Asset Strategies, LLC ("SAS"), and the managing principal of two related companies—Summit Asset Strategies Investment Management ("SASIM") and Summit Asset Strategies Wealth Management ("SASWM").

United States v. Yoo
Information - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. YOO administered investment funds, including Summit Stable Value Fund ("SSVF") and Summit Strategic Opportunities Fund I ("SSOF"), which served as investment vehicles for clients of SASIM and SASWM. The SSVF and SSOF funds invested in foreign and domestic debt and equity, with a focus on investments in South Korea.

3. YOO raised capital for SSFV and SSOF by offering investors promissory notes (in the case of SSVF) or equity interests (in the case of SSOF) issued by those entities. The offering materials for these investments stated that investor funds would be deposited into a trust account overseen by a third-party custodian, and then invested in debt and equity investments through the respective fund. In the case of SSVF, the offering materials stated that the fund would pay each noteholder a fixed interest rate, and would return the noteholder's principal at the end of the term. The materials provided that SASIM would manage the funds and would be compensated for doing so through a management fee.

**B. The Scheme to Defraud**

4. Beginning in or about 2006, and continuing until about November 24, 2015, at Bellevue, within the Western District of Washington, CHRIS YOUNG YOO devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

5. It was the essence of the scheme and artifice to defraud that YOO represented to certain prospective investors that, if they entrusted him with their money, he would invest the funds in SASIM investment vehicles such as SSVF or SSOF, when in fact, YOO intended to use, and did use, the investors' funds for his own purposes, including paying his own personal expenses, supporting his businesses, and making interest payments to other defrauded investors to conceal the fact that YOO had not invested their funds as promised.

United States v. Yoo
Information - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## C. Manner and Means

6. It was part of the scheme and artifice to defraud that YOO identified certain prospective investors that placed a high degree of trust in YOO (the "Ponzi Victims"). YOO solicited investments from the Ponzi Victims by telling them that he would invest their money in SASIM investment vehicles, which in turn would invest their money in equity and debt investments. In fact, YOO had no intention of investing these funds in legitimate investments, but instead intended to use the money for his own purposes.

7. It was part of the scheme and artifice to defraud that YOO opened a secret bank account (the "Ponzi Account") for the purpose of orchestrating his scheme. After soliciting investments from the Ponzi Victims, YOO secretly deposited the investment proceeds into the Ponzi Account instead of into the trust accounts associated with the investment vehicles. Unbeknownst to the investors, YOO then dispersed the investment proceeds to other bank accounts, including his personal bank account, Summit Asset Strategies business accounts YOO controlled, and the bank accounts of other Ponzi Victims as payments became due to them.

8. It was part of the scheme and artifice to defraud that YOO prepared and provided to the Ponzi Victims fraudulent account statements on which YOO represented that the victims owned investments in Summit investment vehicles when, as YOO well knew, their money had not been invested in these vehicles.

9. It was part of the scheme and artifice to defraud that, during an investigation by the Securities and Exchange Commission ("SEC") into YOO's investment companies, YOO provided the SEC with a financial statement on which he fraudulently failed to disclose that he had deposited investor funds into the Ponzi Account.

10. As a result of the scheme and artifice to defraud, YOO caused losses to Ponzi Victims of approximately $3,500,000.

United States v. Yoo
Information - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

D. **Execution of the Scheme to Defraud**

11. On or about April 16, 2015, for the purpose of executing and attempting to execute the scheme and artifice to defraud, CHRIS YOUNG YOO did knowingly transmit and cause to be transmitted by wire communication in interstate and foreign commerce, signs, signals, pictures and sounds, in that CHRIS YOUNG YOO caused an interstate wire transmission from New York to Washington State to effect the deposit of a $150,000 check from a Ponzi Victim into the Ponzi Account.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT 2
### (False Statement to the United States)

On or about May 15, 2015, at Bellevue, within the Western District of Washington, and elsewhere, the defendant, CHRIS YOUNG YOO, did willfully and knowingly make, and cause to be made, a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the Securities and Exchange Commission, an agency of the United States. Specifically, CHRIS YOUNG YOO represented on a financial statement submitted to the Securities and Exchange Commission that the Ponzi Account, as described in Paragraph 7 of this Information, was a trust account that CHRIS YOUNG YOO had used in connection with loans he received from family members, when, as CHRIS YOUNG YOO then and there knew, the Ponzi Account was used not

//
//

United States v. Yoo
Information - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the purposes he described, but instead as a vehicle to receive fraudulently-collected investor funds.

All in violation of Title 18, United States Code, Section 1001(a)(2) and Section 2.

DATED: March 13, 2017

*[signature]*
ANNETTE L. HAYES
United States Attorney

*[signature]*
ANDREW FRIEDMAN
Assistant United States Attorney

*[signature]*
SETH WILKINSON
Assistant United States Attorney

United States v. Yoo
Information - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970